UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

FILED

2013 APR -8 P 1:04

U.S. DISTRICT COURT
EASTERN DIST. TENN.

PER CLERK

SHANNON ORY

V.

HAMILTON COUNTY TENNESSEE (TN)          )
HAMILTON COUNTY SHERIFF'S OFFICE (HCSO) )
SHERIFF JIM HAMMOND, HCSO               )
ROBERT STARNES, HCSO                    )
JEFF BAKER, HCSO                        )
ROBIN LANGFORD, HCSO                    )
PAUL HOLLOWAY, HCSO                     )
VAN HINTON, HCSO                        )
CITY OF COLLEGEDALE, TN                 )
COLLEGEDALE POLICE DEPARTMENT (CPD)     )
CHIEF BRIAN HICKMAN, CPD                )
DARRELL HANNAH, CPD                     )

1-13-cv-110

cre/Carter

Civil Action
No.

# Complaint for Violation of Civil Rights
## 42 U.S.C. Section 1983

~~Complaint~~

On Wednesday, December 16, 2009, agents of the Hamilton County, Tennessee Sheriff's Office (HCSO) and the City of Collegedale, Tennessee Police Department (CPD) entered the plaintiff's property and residence in response to an alleged aggravated assault. At that time and continuing through 2013, these agents engaged in official misconduct which resulted in depriving the plaintiff of protection against illegal search and seizure as well as protections against malicious prosecution guaranteed by the Constitution of the United States of America. While serving in official capacities as commissioned law enforcement agents, the Defendants through ~~false statements~~ dereliction of their sworn positions facilitated an atmosphere in which the plaintiff was charged with serious felonies.

Substantial facts can be proven by the plaintiff and are listed chronologically per defendant.

Robert Starnes, HCSO

1) Lied to plaintiff about the existence of an "incriminating statement" that was audio-taped by a "tape microphone." When confronted by the plaintiff as a liar, the defendant blamed "another officer" (later identified as Darrell Hannah, CPD). No incriminating, audio-taped statement was ever located. 12/16/2009

2) Lied on a sworn affidavit to obtain a search warrant of the plaintiff's property. 12/16/2009

3) Lied to plaintiff regarding the presence of "a lot of blood" in plaintiff's bathroom 12/16/2009

4) During interrogation of the plaintiff at HCSO East Sector, maintained communication with Jeff Baker, HCSO and/or Robin Langford, HCSO in order ~~for~~ to plant, tamper and photograph evidence ~~contradictory~~ ~~to~~ at the plaintiff's residence that would contradict the plaintiff's alibi. 12/16/2009

5) Participated in a failed phone-sting scheme with Jeff Baker, HCSO and Van Hinton, HCSO as well as a convicted felon in an attempt to entrap the plaintiff in a bogus, felonious charge. When the plaintiff reported the officers' malf misconduct to HCSO, the plaintiff was arrested. 4/2010

6) Lied to a witness regarding a non-existant alibi given by the plaintiff and involved the witness. The lie perpetuated by Robert Starnes and Jeff Baker, HCSO infuriated the witness and created an atmosphere of bias which motivated the witness to present false testimony in a criminal trial. 4/5/2010

7) Willfully ignored exculpatory evidence and inconsistant statements in a criminal investigation therefore placing the plaintiff in increased risk of a felony conviction. 12/16/2009 - 2013

page 3 of 10 11

Jeff Baker, HCSO

1) See item 4 on page 2

2) Willfully ignored exculpatory evidence and inconsistant statements in a criminal investigation there maliciously placing the plaintiff at increased risk of a felony conviction. 12/16/2009-2013

3) See item 5 on page 3

4) Either paraded a convicted felon in front of the Hamilton County Grand Jury in order to present false testimony OR presented false testimony to the Hamilton County Grand Jury in order to obtain a felony indictment against the plaintiff. 4/2010

5) Admitted to expediting the Grand Jury process to maliciously dreprive the plaintiff of due process. 4/5/2010

page 4 of 10 11

6) Participated in an alleged stalking claim in Davidson County, Tennessee in order to revoke the the plaintiff's bond when the plaintiff refused to accept a plea deal offered by the state.
11/4/2011 - 11/7/2011

Paul Holloway, HCSO
1) Inserted false, ficticious statement in an official report describing an alleged assault of 12/16/2009.

Van Hinton, HCSO
1) Participated with Robert Starnes, HCSO and Jeff Baker, HCSO as well as a convicted felon in an attempt to entrap the plaintiff in a bogus, felonious charge. When confronted by the plaintiff's attorney, Defendant claimed "he dialed the wrong number."

page 5 of 10 11

Sheriff Jim Hammond, HCSO

1) As the highest-ranking law enforcement officer in Hamilton County responsible for administration of policies and proceedures preventing official misconduct of employees of the Hamilton County Sheriff's Office, Jim Hammond retained employment and/or promoted the other Defendants therefore failing to govern his subordinates and preventing official misconduct. As Robert Starnes, HCSO and Jeff Baker, HCSO so eloquantly stated in a 4/5/2010 interview, "past behavior is the best" indicator on predictor "of future behavior", these employees have decades of experience and have probably acted in similar fashions in the past and will continue to act similarly in the future if unpunished.

Hamilton County, Tennessee Sheriff's Office
1) The official law enforcement agency of
Hamilton County, Tennessee which employs
Jim Hammond, Robert Starnes, Jeff Baker,
Paul Holloway, Robin Langford and Van Hinton
has failed to ~~instut~~ institute or enforce
~~pt~~ policies to prevent official misconduct

Hamilton County, Tennessee
1) The County seat of Hamilton, Tennessee
provides salaries, ~~eq~~ and funds for
equipment, training and imprisonment.
This funding allows, ~~and~~ encourages, and
rewards the Defendants listed as
HCSO employees to operate maliciously.

Robin Langford, HCSO
1) See item 4 on page 2.


Darrell Hannah, CPD
1) Lied about "incriminating, audio-taped" statement
allegedly made by plaintiff. Attempted to
falsify an official report regarding a
criminal investigation by att altering
arrival times. 12/6/2009 — 3/6/2013


Chief Brian Hickman, CPD
1) As the highest ranking law enforcement
officer in the Collegedale, Tennessee
Police Department, Brian Hickman is
ultimately responsible for creating policies
and proceedures as well as enforcement
of those policies and proceedures to
punish employees under his authority that
falsify official reports. Brain Hickman
either promoted and/or retained employment
of Darrell Hannah therefore approving
of Darrell Hannah's actions as an
employee of the City of Collegedale,
Tennessee Police Department.

City of Collegedale, Tennessee Police Department

1) The official law enforcement agency of Collegedale, TN which employs Darrell Hannah and Brian Hickman and allows them to exercise their commissions has failed to institute policies and proceedures and enforce such policies and proceedures in order to prevent or punish official misconduct.

City of Collegedale, Tennessee

1) This municipality collects tax revenues to provide salaries, benefits, equipment and training which allows Darrell Hannah and Brian Hickman to prosper while commiting acts of official misconduct.

The actions and inactions of the Defendants have deprived the Plaintiff of protections guaranteed under the Constitution of the United States. The Defendants actions have defamed, libeled and slandered the Plaintiff. Prior to these events, the Plaintiff was a gainfully-employed, tax-paying citizen of the United States. The Defendant's actions/inactions have cost the Plaintiff his career, his children, his home, his pension, his 401k, and his personal and professional reputation, and his liberty. The Plaintiff is an insulin dependent diabetic. Incarceration by the HCSO in conjunction with a diet governed by the HCSO has yielded a blood glucose A1c test result of 10.0 in March 2013. The American Diabetes Association recommends an A1c of less than 6.0. The A1c test is an indication of average blood glucose level for a 3 month period. This average blood glucose level is an indicator of the risk of diabetic complications including blindness due to retinopathy, limb amputation due to loss of blood circulation and heart disease.

page 10 of 11

The Plaintiff's diet, diet and medical treatment
has been severely inadequate and has caused his
average blood glucose to be 80% higher than
recommended by the American Diabetes Association.
This diet and medical treatment has been controlled
by Hamilton County. The Plaintiff is has been
placed at an increased risk of future diabetic
complications.
The Plaintiff seeks relief in the form of
compensatory and punative damages equalling
Nineteen million nine-hundred thousand US dollars,
($19,900,000.00) as well as all legal fees and court costs.
The Plaintiff prays that this honorable court
allows him to present evidence of the Defendants
official misconduct as well as evidence of
injury suffered by the Plaintiff. The Plaintiff
prays that significant financial penalties will
deter the Defendants from acting in the same
manner in the future.

Shannon R. Ory   4/1/2013

Shannon R. Ory
601 Walnut St
Chattanooga, TN 37402
423-209-7050

page 11 of 11