UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| SHANNON ORY, | ) | |
| | ) | |
|     *Plaintiff,* | ) | |
| | ) | |
| v. | ) | 1:13-cv-110 |
| | ) | *Judge Curtis L. Collier* |
| HAMILTON COUNTY, TENNESSEE; | ) | |
| HAMILTON COUNTY SHERIFF'S OFFICE; | ) | |
| SHERIFF JIM HAMMOND, OFFICER | ) | |
| ROBERT STARNES; OFFICER JEFF | ) | |
| BAKER; OFFICER ROBIN LANGFORD; | ) | |
| OFFICER PAUL HOLLOWAY; OFFICER | ) | |
| VAN HINTON; CITY OF COLLEGEDALE; | ) | |
| COLLEGEDALE POLICE DEPARTMENT; | ) | |
| CHIEF BRIAN HICKMAN; OFFICER | ) | |
| DARRELL HANNAH; | ) | |
| | ) | |
|     *Defendants.* | ) | |

# **M E M O R A N D U M**

Plaintiff Shannon Ory ("Plaintiff") filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 2). Also before the Court are Plaintiff's motions requesting to proceed *in forma pauperis* (Court File Nos. 1 & 8), the appointment of counsel (Court File No. 5), and to amend Form AO 440 (Court File No. 9). Plaintiff contends he was maliciously prosecuted by the defendants, and his resulting criminal conviction (for reckless endangerment) was the result of the defendants conducting an illegal search of his property and residence, illegally seizing evidence, and presenting perjured testimony. Plaintiff also brings an unrelated claim regarding the medical treatment he received while incarcerated (Court File No. 2).

Plaintiff seeks to recover $19,900,000.00 in compensatory and punitive damages and

1

associated court costs and legal fees.

For the reasons set forth below, no service shall issue, Plaintiff's complaint will be **DISMISSED** (Court File No. 2), his prisoner motion to proceed *in forma pauperis* will be **DENIED as MOOT** (Court File No. 1), his non-prisoner motion to proceed *in forma pauperis* will be **GRANTED** (Court File No. 8), and his motions to appoint counsel and to amend the AO 440 forms will be **DENIED as MOOT** (Court File Nos. 5 & 9).

## I. NON-DISPOSITIVE MOTIONS

Plaintiff's prisoner motion to proceed *in forma pauperis* will be **DENIED as MOOT** since he is no longer incarcerated (Court File No. 1). Plaintiff's non-prisoner motion to proceed *in forma pauperis* reflects he has no income or assets. Accordingly, Plaintiff's non-prisoner motion to proceed *in forma pauperis* will be **GRANTED** (Court File No. 8).

Also before the Court is Plaintiff's motion requesting the appointment of counsel (Court File No. 5). Because the case is being dismissed, the motion to appoint counsel will be **DENIED as MOOT** (Court File No. 5).

Plaintiff's motion requesting to serve Defendants at their home address is also pending before the Court (Court File No. 9). The motion will be **DENIED as MOOT** since the Defendants will not be served. Further, the Clerk will be **DIRECTED** to **REDACT** the Defendants' addresses from page two of document number nine and from all the summonses (Court File Nos. 9 and 9-1, at 1-8).

## II. SCREENING

The Court screens the complaint to determine whether it should be dismissed as frivolous, malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. When

2

performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555.

In other words, a complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. Thus, when the Court screens the complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A to determine whether it should be dismissed as frivolous or for failure, a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Fridman v. City of New York,* 195 F.Supp.2d 534, 538 (S.D. N.Y. 2002) ("The standard for dismissal of an action or appeal taken *in forma pauperis* is identical to the standard for dismissal on a motion made pursuant to Fed. R. Civ. P. 12(b)(6)").

The Court is not required to accept as true mere legal conclusions and unwarranted inferences of fact. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). The complaint must do more than recite bare assertions of legal conclusions without supporting allegations of material facts.

3

*Evans v. Pearson Enterprises Inc*., 434 F.3d 839, 847 (6th Cir. 2006). Factually unsupported allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 Fed. Appx. 501 (6th Cir. March 18, 2009), *available at* 2009 WL 723132, *4; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (complaint must contain more than statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action).

Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (Internal punctuation and citations omitted).

During the screening process, the Court is mindful that where a deficiency in the complaint is able to be cured, Plaintiff shall be permitted to amend his complaint to cure such deficiency. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) (holding a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA). However, a complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (citations omitted).

4

## III.     ANALYSIS

Although Plaintiff's complaint consists only of vague, factually unsupported allegations, the Court discerns this complaint is based on a criminal investigation and prosecution which resulted in Plaintiff's conviction for reckless endangerment.[1]  Plaintiff's complaint is based on allegations that his underlying criminal conviction is the result of an alleged illegal search and seizure, malicious prosecution, and perjured testimony.   Because Plaintiff's civil complaint brought under 42 U.S.C. § 1983 requires application of the *Heck v. Humphrey*, 512 U.S. 477 (1994), favorable termination rule as to all Plaintiff's civil rights claims pertaining to the investigation and prosecution in his underlying criminal case, and Plaintiff has not alleged and Court's research has not revealed that his conviction has been favorably terminated, for the reasons explained below, all of these claims must be dismissed without prejudice.  Plaintiff's medical care claim, however, will be dismissed with prejudice for the reasons explained below.

### A.     Civil Complaint

Although the complaint is factually lacking, the Court discerns Plaintiff brings this § 1983 action alleging he was maliciously prosecuted in his underlying criminal conviction which he claims is based on an illegal search and seizure and perjured testimony.  In addition, without identifying a specific defendant, Plaintiff alleges he received inadequate medical care while incarcerated on the underlying criminal conviction (Court File No. 2).  The sparse facts relating to the medical claim will be discussed in section F below.

Plaintiff brings this § 1983 action pertaining to his underlying criminal conviction for reckless endangerment against Hamilton County, the Hamilton County Sheriff's Office, Sheriff Jim

---

[1]     *See* www.tfponline.com/news/2013/mar/09/ory-guilty-of-mi (timesfreepress.com).

5

Hammond, Officers Robert Starnes ("Officer Starnes"), Jeff Baker ("Officer Baker"), Robin Langford ("Officer Langford"), Paul Holloway ("Officer Holloway"), Van Hinton ("Officer Hinton"), City of Collegedale, Collegedale Police Department, Chief Brian Hickman ("Chief Hickman"), and Officer Darrell Hannah ("Officer Hannah).

On Wednesday, December 16, 2009, agents of the Hamilton County Sheriff's Department and agents of the Collegedale Police Department entered Plaintiff's property and residence in response to an alleged aggravated assault. Plaintiff specifically asserts the following claims: (1) Officer Starnes lied to Plaintiff during the investigation, lied on a sworn affidavit to obtain the search warrant on December 16, 2009, and maintained communication with Officers Baker and Langford, presumably while they were searching Plaintiff's residence and Officer Starnes was interrogating Plaintiff; (2) Officers Starnes and Baker motivated an unidentified witness to present unidentified false testimony in a criminal trial; (3) Officers Starnes and Baker ignored unidentified exculpatory evidence and undescribed inconsistent statements in a criminal investigation; (4) Officer Baker presented false testimony to the Hamilton County Grand Jury; (5) Officer Baker participated in an alleged stalking claim in Davidson County to revoke Plaintiff's bond when he refused a plea offer by the state; (6) Officer Holloway inserted false statements in an official report describing the December 16, 2009 assault; (7) Officer Hinton participated in some unidentified way to entrap Plaintiff in a felony charge; (8) Sheriff Hammond is responsible for his employees; (9) The Hamilton County Sheriff's Office and Hamilton County have failed to enforce its policies to prevent misconduct; (10) Officer Hannah lied during the criminal investigation; (11) Chief Hickman is responsible for Officers Langford and Hannah's conduct; and (12) the City of Collegedale and the Collegedale Police Department are responsible for the conduct of the Collegedale Police Officers

6

(Doc. 2).

### B. 42 U.S.C. § 1983

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992).

### C. Defendants Not "Persons" for § 1983 Purposes

Initially the Court observes Plaintiff has named two entities as defendants who are not legal entities subject to suit under § 1983. Specifically, Plaintiff has named the Hamilton County Sheriff's Office and Collegedale Police Department as Defendants in this matter. For purposes of § 1983, "person" includes individuals and "bodies politic and corporate." *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690 & n. 55 (1978). Neither the sheriff's office nor the police department is subject to suit under § 1983 as neither is a "person" or legal entity subject to liability under 42 U.S.C. § 1983. *See Boykin v. Van Buren Twp.,* 479 F.3d 444, 450 (6thCir. 2007) (police department improper defendant); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit[.]").

Accordingly, the Hamilton County Sheriff's Office and the Collegedale Police Department will be **DISMISSED** pursuant to 28 U.S.C. § 1915(e) and § 1915A since any claim against them is frivolous.

### D. *Heck v. Humphrey* Favorable Termination Rule

Although Plaintiff specifically requests compensation, he is effectively challenging the constitutionality of his conviction and sentence. Specifically, Plaintiff's allegations he was maliciously prosecuted and his conviction was the result of the Defendants' unconstitutional search of his residence, seizure of evidence, and presentation of perjured testimony during the criminal investigation and trial, effectively challenges the validity of his conviction and sentence resulting from those proceedings, and therefore, is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). *Heck's* favorable termination rule bars § 1983 claims that would necessarily imply the invalidity of a prior conviction or sentence that has not been overturned.

In *Heck v. Humphrey* the Supreme Court considered whether this rule should be modified where a prisoner challenges the constitutionality of his conviction but rather than seeking release, he seeks an award of monetary damages. The Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. 486-87. This "favorable termination" rule bars § 1983 claims that "would necessarily imply the invalidity" of a prior conviction of sentence that has not been overturned. *Id.* at 487. In the case before the Court, Plaintiff does not allege, and nothing in the record before the Court nor the Court's research demonstrates, he has successfully challenged his conviction and sentence. Consequently, because Plaintiff's sentence has not been favorably terminated, his claims must be dismissed. *Heck v. Humphrey*, 512 U.S. at 486-87.

8

Here, Plaintiff requests monetary damages based on claims he was maliciously prosecuted and his conviction is based on Defendants unconstitutional search of his residence, seizure of evidence, and presentation of perjured testimony during the investigation and trial in his underlying criminal case. Success on any of Plaintiff's claims pertaining to the criminal investigation and prosecution of his underlying criminal conviction would necessarily imply the convictions and sentence are invalid because underlying his claims are the allegations Defendants illegally searched his residence, seized evidence, and committed perjury to obtain his conviction. *See Williams v. Schario*, 93 F.3d 527, 529 (8th Cir., 1996) (claim defendants presented perjured testimony was barred by *Heck's* favorable termination rule). Plaintiff's arguments, assuming they were true, would necessarily imply the invalidity of his conviction and sentence because it would have been based on evidence that was illegally obtained, fabricated, and untruthful. Plaintiff's claims are precisely the type prohibited under *Heck*. In other words, an aspect of each of Plaintiff's specific claims necessarily implies the invalidity of his convictions and sentence. Consequently, a finding in Plaintiff's favor would necessarily imply the invalidity of his conviction and sentence.[2]

Plaintiff's allegations effectively seek to undermine the validity of his conviction which he has not demonstrated "has been reversed on direct appeal, expunged by executive order, declared

---

[2] Although Fourth Amendment claims may be brought under § 1983 if success would not undermine the conviction and sentence if the plaintiff alleges a compensable injury other than the conviction and sentence, *see Shamaeizadeh v. Cunigan,* 182 F.3d 391, 396 (6th Cir. 1999), *abrogated on other grounds in Wallace v. Kato,* 549 U.S. 384 (2007), such is not the case presented here. Nevertheless, even assuming a hypothetical judgment in this litigation that the search and seizure were unconstitutional would not necessarily imply the invalidation of Plaintiff's criminal conviction, the claim would have to be dismissed with prejudice as time-barred. This is so, because the alleged unconstitutional conduct occurred on December 9, 2009, the cause of action accrued on that date, and more than one year elapsed between December 9, 2009, and the filing of this suit in April 2013.

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [pursuant to] 28 U.S.C. § 2254." *Id.* at 486-87. Plaintiff's claims pertaining to the investigation and prosecution in his underlying criminal case are barred by the *Heck* "favorable termination" rule. Accordingly, Plaintiff's claims raising issues that directly implicate the legality of his conviction and judgment, i.e., malicious prosecution, unconstitutional search and seizure, and presentation of perjured testimony, will be **DISMISSED WITHOUT PREJUDICE** *sua sponte,* pursuant to *Heck v. Humphrey*, for failure to state a claim upon which relief may be granted as his claims are not cognizable under § 1983 because his conviction and sentence have not been invalidated. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

### E. Requested Relief Barred by *Heck*

Plaintiff does not specifically request the Court to invalidate his conviction and release him from prison, even though, as previously stated, a finding in his favor on his claims would necessarily imply that his convictions and sentences were invalid. Rather, he seeks nineteen million, nine hundred thousand dollars in monetary relief. *Heck*, as extended by *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (prisoner's claim for injunctive and monetary relief not cognizable under § 1983 as it necessarily implied invalidity of good-time credits where he alleged deceit and bias on part of hearing officer), does not permit money damages based on allegations that necessarily imply the invalidity of a conviction or sentence. Because awarding relief to Plaintiff on any portion of his claims pertaining to the investigation and prosecution of his underlying criminal conviction would necessarily imply the invalidity of his conviction and sentence, his claim for money damages is not cognizable under § 1983.

Accordingly, because a favorable ruling would necessarily imply the invalidity of Plaintiff's

convictions in direct violation of *Heck*, and Plaintiff has not had his convictions reversed, expunged, or otherwise declared invalid, his claims are not yet cognizable in a § 1983 action.

  **F.**  **Medical Claims**

At the end of his complaint, Plaintiff, who is insulin dependent, raises a claim that in March 2013 his ALC test result was 10.0 and the American Diabetes Association recommends an ALC of less than 6.0. Without providing any factual support, Plaintiff claims his ALC result was the result of the "severely inadequate" diet and medical treatment he received while incarcerated by the Hamilton County Sheriff's Department. Plaintiff has not identified any Defendant in relation to this vague, factually unsupported claim about the medical treatment he received while incarcerated in relation to the underlying criminal conviction. Plaintiff's failure to identify any defendant, provide any factual support, or allege a constitutional violation in relation to his medical claim is fatal to the claim (Court Doc. 2). For the reasons explained below, Plaintiff's medical claim will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Plaintiff claims the diet and medical treatment he received while incarcerated was inadequate and resulted in a ALC test result of 10.0 in March 2013, which is four points higher that the American Diabetes Association recommends. Plaintiff's factually unsupported claim fails to allege a constitutional violation or identify any party in relation to his medical claim. Plaintiff, an insulin dependent diabetic, has alleged a serious medical need, his assertions, however, fail to allege deliberate indifference, identify a defendant, or provide any factual allegations from which the Court can infer some unidentified medical personnel violated his constitutional rights. A vague and factually unsupported claim of improper or inadequate medical care under these circumstances–without any allegation of deliberate indifference, identification of a defendant, or

11

factual support–is insufficient to amount to a constitutional violation.

A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97 (1976). An Eighth Amendment claim has both an objective and a subjective component. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id*. A medical need may be objectively serious if even a lay person would recognize the seriousness of the need for medical care. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004)). The subjective component requires a showing that a defendant possessed the state of mind of deliberate indifference. A plaintiff establishes deliberate indifference by demonstrating "a sufficiently culpable state of mind" in denying medical care. Thus, a plaintiff must show defendants were aware of facts from which they could infer that denying medical care would potentially result in a substantial risk of harm and that they actually drew that inference. The subjective component requires a showing that a defendant possessed the state of mind of deliberate indifference. *Farmer v. Brennan,* 511 U.S. at 842. A prison official who takes reasonable measures to abate the risk, however, avoids liability, even if the harm ultimately is not averted. *Id*. at 835-36. "Deliberate indifference is more than negligence and approaches intentional wrongdoing." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation and internal quotation marks omitted).

Generally, once a prisoner has actually been given treatment and the dispute is over the adequacy of such treatment, such dispute does not state a cognizable § 1983 claim. *Estelle v. Gamble*, 429 U.S. at 105-06. Even if the medical personnel's opinion is inaccurate and treatment is unsuccessful, mere negligence or allegedly poor medical judgment does not constitute cruel and

12

unusual punishment. *Estelle v. Gamble*, 429 U.S. at 106. Therefore, where a prisoner receives medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Similarly, a viable Eighth Amendment claim is not stated by allegations that a medical condition has been negligently diagnosed or treated, as the mere fact that the victim happens to be a prisoner does not convert it to a constitutional violation. *Estelle,* 429 U.S. at 106. In other words, negligence is not actionable under the Eighth Amendment. Ordinary medical malpractice–malpractice that consists of negligent treatment–is not cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. at 106. However, "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *See Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (internal punctuation and
citation omitted); *see also Estelle,* 429 U.S. at 103 ("[D]enial of medical care may result in pain and suffering which no one suggests would serve any penological purpose.").

Plaintiff has not alleged a constitutional violation of his right to medical care against anyone. Plaintiff clearly admits he received medical treatment, although he describes it as inadequate without providing any factual support for that conclusion. The propriety of a certain course of medical treatment is not a proper subject for § 1983 review. Determining how to treat a patient's diabetes is a classic example of a matter for medical judgment as to the appropriate course of treatment. Plaintiff's claim, therefore, amounts to, at most, a vague assertion of medical negligence or malpractice. This type of vague and factually unsupported allegation fails to state a viable claim for relief under § 1983, because, as *Estelle* instructs, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

13

under the Eighth Amendment." *Id.* at 106. In sum, accepting as true all of Plaintiff's allegations, there is simply nothing indicating anyone was deliberately indifferent to his serious medical needs.

Plaintiff states his diet and medical treatment were controlled by Hamilton County. That sole allegation is insufficient to raise a claim against the county. In order to prevail in an action against a county, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the county caused the harm. *See Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the entity itself, and show that the particular injury was incurred because of the execution of that policy. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted). Aside from Plaintiff's failure to allege he suffered harm because of a constitutional violation, Plaintiff has not alleged any unconstitutional conduct on the part of Hamilton County or any county employee. The record contains nothing from which the Court can infer Plaintiff's ALC test was the result of a Hamilton County policy and Plaintiff was injured because of the policy. Plaintiff has done nothing more than make factually baseless allegations, all of which are insufficient to raise a constitutional violation. Because Plaintiff has not alleged a constitutional violation, his claim fails.

Plaintiff has failed to allege deliberate indifference on the part of any identifiable defendant or anyone else in relation to the medical treatment provided to him. Accordingly, Plaintiff's medical claim will be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failing to state a claim upon which relief may be granted.

V.  CONCLUSION

Accordingly, because Plaintiff's claims pertaining to his underlying criminal conviction are

*Heck*-barred, those claims, i.e., he was maliciously prosecuted and his conviction is the result of an illegal search and seizure and perjured testimony, are *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); his medical claim is *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and his complaint is *sua sponte* **DISMISSED** in its entirety (Doc. 2). The Clerk will be **DIRECTED** to close the case.

An appropriate judgment order will enter.

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**